IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB R. SPURLIN,

      **Petitioner,**

      v.                                      CASE NO.  21-3103-JWL

(FNU) (LNU), Director of the
North Central Region for the
Federal Bureau of Prisons,

      **Respondent.**

## ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner challenges his disciplinary proceedings and loss of good conduct time.  On January 27, 2021, the Court transferred this case to the Northern District of Illinois because Petitioner is confined at USP-Thomson in Thomson, Illinois.  On April 14, 2021, the case was transferred back to this Court.  The Court dismisses this matter without prejudice.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition *in the district of confinement*."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (emphasis added). Jurisdiction over § 2241 petitions "lies in only one district:  the district of confinement."  *Id*. at 443.[1]  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Id*. at 434–35 (citations omitted); *see also* 28

---

[1] The exceptions to the rule are inapplicable in this case.  *See Newman v. United States*, No. 08-cv-4203 (FB), 2009 WL 922070, at n.2 (E.D. N.Y. April 2, 2009) (noting the exceptions to the rule) (citing 28 U.S.C. § 2241(d) (exception when petitioner is serving a state criminal sentence in a state with more than one federal district); *Padilla,* 542 U.S. at 435–36 n. 9 (exception "in the military context where an American citizen is detained outside the territorial jurisdiction of any district court"); *id.* at 446 (exception when reservist challenges military obligations by suing commanding officer in charge of reservist's military records) (citing *Strait v. Laird,* 406 U.S. 341 (1972)).

U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions").

This action was filed on January 25, 2021. On January 27, 2021, this Court transferred this case to the Northern District of Illinois. (Doc. 2.) After receiving the case, the Northern District of Illinois issued an order directing the Respondent to respond to the petition. (Doc. 8.) On March 30, 2021, the Respondent filed a Motion to Dismiss (Doc. 10), stating that the petition is moot because the disciplinary finding at issue has been expunged and the related sanctions have been reversed. *Id*. at 1. The motion therefore asserts that the petition should be dismissed for want of jurisdiction. *Id*. at 2. The motion also states that Petitioner has named the wrong respondent and the only proper respondent is Andrew Ciolli, the warden at USP-Thomson. *Id*. On March 31, 2021, the court entered a minute entry ordering the clerk to transfer the case back to this Court.

When a case is filed in the wrong district, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). When a petition is brought in the wrong district, the court should take a "quick look at the merits" before deciding whether to transfer the case under 28 U.S.C. § 1631 or dismiss the petition outright." *Al-Pine v. Richerson*, 763 F. App'x 717, 721 (10th Cir. Feb. 13, 2019) (unpublished) (quoting *Haugh v. Booker*, 210 F.3d 1147, 1150–51 (10th Cir. 2000)).

As noted above, this case was originally filed in the wrong district and this Court transferred it to Petitioner's district of confinement. The Court finds that considering the assertions in the motion to dismiss that the issues in the case are moot, it would not be in the interest of justice to transfer this case back to the Northern District of Illinois. "[T]here is no

obligation to keep meritless claims alive through transfer to another court." *Johnson v. Lappin*, 478 F. App'x 487, 492 (10th Cir. April 16, 2012) (unpublished) (citation omitted); *see also McGinn v. People of Colorado*, No. 10-cv-01511-BNB, 2010 WL 4318564, at *4 (D. Colo. Oct. 25, 2010) (stating that in determining whether to transfer the court is authorized to peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed) (citation omitted).

The Tenth Circuit has interpreted the phrase "if it is in the interest of justice" to "grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006) (citation omitted). Therefore, the Court dismisses this action without prejudice.[2] *See Jauregui v. United States*, No. 12-3068-RDR, 2012 WL 2055034, at *1 (D. Kan. June 7, 2012) (finding transfer not in the interest of justice and dismissing without prejudice where petitioner's claims were vague and their precise nature could not be discerned); *Talamantes v. Jones*, No. CIV-11-91-JHP, 2012 WL 718994, at *1 (E.D. Okla. March 1, 2012) (dismissing without prejudice and finding transfer not in the interest of justice where limitations period had already expired and petitioner had not exhausted administrative remedies); *Majid v. Gonzalez*, No. CIV-06-455-R, 2006 WL 2850488, at *1 (W.D. Okla. Oct. 2, 2006) (dismissing without prejudice instead of transfer "because continuation of proceedings under Section 2241 would be futile").

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that motion to dismiss (Doc. 10) is **denied as moot.**

---

[2] The Tenth Circuit in *Al-Pine*, notes that the word "jurisdiction" is used in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in reference to subject-matter jurisdiction. *Al-Pine*, 763 F. App'x at n.4 ("Thus, while we say here that the district court did not have jurisdiction to grant § 2241 relief, the court did have subject-matter jurisdiction over the action and was able to dismiss on an alternative ground.").

**IT IS SO ORDERED**.

**Dated April 23, 2021, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
